**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANASHEA S. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-1094-JWL |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's evaluation of Plaintiff's noncompliance with treatment, the court ORDERS that the decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

**I.     Background**

Plaintiff applied for both DIB and SSI on January 17, 2006, alleging disability beginning July 6, 2000.  (R. 28, 69-73, 801-06).  The applications were denied initially

and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 28, 40-41, 52, 807-08). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Robert J. Burbank on June 10, 2008. (R. 28, 809-38). At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 28, 809-38).

ALJ Burbank issued his decision on August 20, 2008 finding that Plaintiff was insured for DIB only between July 1, 2001 and September 30, 2001, and that although SSI benefits might be payable after the date an application is filed, Plaintiff was not disabled within the meaning of the Act at any time through the date of the decision. (R. 28-29). Specifically, he found that Plaintiff has a severe combination of impairments including borderline intellectual functioning and depression, but that her impairments do not meet or medically equal the severity of any impairment in the Listing of Impairments. (R. 31-32). He determined Plaintiff has only nonexertional limitations, and assessed Plaintiff with the residual functional capacity (RFC) for a range of work at all exertional levels limited to unskilled work requiring no more than occasional interpersonal contact. (R. 32-37). Although the ALJ determined that Plaintiff has no past relevant work, he found that considering her age, education, work experience, and RFC, she is able to perform jobs which exist in significant numbers in the economy. (R. 37-38). He concluded that Plaintiff was not disabled as defined in the Act, and denied her applications. (R. 38-39).

Plaintiff sought Appeals Council review of the ALJ's decision, but her request was denied on September 9, 2010. (R. 16, 22-24). Therefore, the ALJ's decision is the final decision of the Commissioner subject to judicial review. (R. 22); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff requested additional time to commence a civil action seeking judicial review of the Commissioner's decision, and the Appeals Council granted the request, extending the time through April 1, 2011, the date this action was commenced. (R. 7, 9-14); (Doc. 1). Briefing has been completed on this matter, and it is ripe for decision. (Docs. 10, 15, 18, 21).

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such

evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months.  Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. §§ 404.1520, 416.920 (2008); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir.

2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred at step three of the sequential evaluation process by determining that Plaintiff's condition does not meet Listing 12.05B and does not medically equal Listing 12.05C of the Listing of Impairments, and erred in his RFC assessment by failing to perform a function-by-function assessment, by improperly finding Plaintiff's allegations of symptoms not credible, and by failing to consider or even mention the treatment records and opinions of a treating psychologist, Dr. Schell.  The Commissioner responds that the ALJ properly considered the severity of Plaintiff's impairments at step three, performed a proper RFC assessment including consideration of the credibility of Plaintiff's allegations of symptoms, and properly chose not to discuss Dr. Schell's treatment records because Dr. Schell did not offer any opinions relating to Plaintiff's capabilities.  The court finds that remand is necessary because the ALJ applied the incorrect legal standard to evaluation of Plaintiff's "non complian[ce] with treatment regarding medications, diabetic diet, loss of weight, and exercise," when determining the credibility of Plaintiff's allegations of symptoms.  (R. 36).  Because remand is clearly required for this reason, the court will not consider the numerous other errors alleged by Plaintiff.  She should make her arguments in that regard to the Commissioner on remand.

### III.     Credibility

The Tenth Circuit has explained the analysis required in considering subjective testimony regarding symptoms.  Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (dealing specifically with pain).

6

> A claimant's subjective allegation of pain is not sufficient in itself to establish disability. Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain. This court has stated: The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson, 987 F.2d at 1488(citations and quotation omitted).

An ALJ's credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson v. Astrue, 602 F.3d 1136, 1144 (10th Cir. 2010); accord Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005). Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson, 987 F.2d at 1490 ("deference is not an absolute rule"). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988); Hackett, 395 F.3d at 1173 (same).

Plaintiff notes that the ALJ provided his credibility analysis and conclusion at the top of page nine in his decision, and argues that the ALJ failed properly to evaluate the factors he relied upon to discount the credibility of Plaintiff's allegations. (Pl. Br. 11-17) (citing (R. 36)). In one of her credibility arguments, Plaintiff claims the ALJ relied upon her noncompliance with diabetic treatment "without considering the Thompson v. Sullivan, 987 F.2d 1482, 1489-90 (10th Cir. 1993) factors." (Pl. Br. 11). The Commissioner responds that "noncompliance is inconsistent with Plaintiff's allegations of disability," and "failure to follow prescribed treatment is a legitimate consideration in evaluating the validity of an alleged impairment." (Comm'r Br. 11) (citing Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996); and Dellinger v. Barnhart, 298 F. Supp. 2d 1130, 1137-38 (D. Kan. 2003)). In her Reply Brief, Plaintiff asserts that inconsistent noncompliance cannot be found until after the Thompson factors are considered.

> As Plaintiff's argument implies, the opinion in Thompson requires that:
>
> before the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider "(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse."

Thompson, 987 F.2d at 1490 (quoting Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987)); see also, 20 C.F.R. §§ 404.1530, 416.930 ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled.").

Here, the ALJ stated as one reason for finding Plaintiff's allegations not credible that Plaintiff "has been non-compliant with treatment regarding medications, diabetic diet, loss of weight, and exercise." (R. 36). Earlier, in his decision, the ALJ noted facts which are relevant to the issue of noncompliance. In his step two discussion, he stated that Plaintiff has been diagnosed with diabetes but "has not been compliant with treatment." (R. 31) (without citation to record evidence). He noted that at a physical exam taken in preparation for taking a certified nurse's aide (CNA) course, Plaintiff had been "encouraged to adhere to a diabetic diet, weight loss, and graduated exercise program." (R. 33) (citing Ex. F p.239 (R. 510)). Finally he discussed Dr. Allen's report that Plaintiff stated she was "not following a diabetic diet 'because she does not like being told by anybody what to do or what she can or cannot eat.'" (R. 34) (citing Ex. F pp.458-61 (R. 647-50)).

While the facts cited by the ALJ are relevant to the four Thompson factors with regard to diabetic diet, weight loss, and graduated exercise, they say nothing regarding Plaintiff's compliance with medications. Moreover, and more importantly, the ALJ said nothing regarding the first Thompson factor--whether the treatment at issue would restore claimant's ability to work. Further, the ALJ did not explain precisely how Plaintiff has been noncompliant with treatment, he provided no specific analysis, and he made no particular findings regarding the other three Thompson factors.

The Commissioner properly argues that noncompliance with treatment is inconsistent with allegations of disabling symptoms, and is a legitimate consideration in

evaluating alleged impairments. However, the Tenth Circuit in <u>Thompson</u> has prescribed the means whereby that legitimate consideration must be accomplished. The ALJ in this case did not follow the procedure prescribed, and the case must be remanded for the Commissioner to correct that error.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for proceedings consistent with this decision.

Dated this 4th day of May 2012, at Kansas City, Kansas.

                                        s:/ John W. Lungstrum
                                        **John W. Lungstrum**
                                        **United States District Judge**